(53 App. Div. 451.)

EDWARDS v. LAW.

(Supreme Court, Appellate Division, Second Department.  July 25, 1901.)

1. GREATER NEW YORK CHARTER—CITY MAP—CITY ENGINEER—ACTS—TRES-
   PASS.

   A civil engineer in the employ of the board of public works of the
   city of New York, who, under the contract of the president of the board,
   entered on plaintiff's premises for the purposes of making a survey, pre-
   liminary to making a map of the city of New York, as required by
   Greater New York Charter (Laws 1897, c. 378), is not guilty of a trespass
   for which a recovery could be had, unless he abuses his authority; since
   section 422 of the charter declares that it shall be lawful for the presi-
   dent of the board of public improvements, and all others acting under
   his authority, to enter in the daytime onto and upon the lands of others,
   which he shall. deem necessary to be surveyed, etc., for the purpose of
   marking any boundary line or lines.

2. SAME—PUBLIC STATUTES—PLEADINGS.

   The charter of Greater New York (Laws 1897, c. 378) is a public statute,
   and therefore need not be pleaded.

Appeal from municipal court, borough of Queens.

Action by Clarence Edwards against Edward M. Law.  From a
judgment of the municipal court in favor of the defendant, plaintiff
appeals.  Affirmed.

The following is the opinion of the trial court (RASQUIN, J.):

This action is brought to recover damages for an alleged trespass by the
defendant upon the property of the plaintiff at Elmhurst, Second ward of the
borough of Queens.  The plaintiff is the owner of certain premises at Elm-
hurst, upon which stands his residence.  The premises are inclosed by a fence.
On the 9th day of January, 1901, the defendant, who is a civil engineer, in
the employ of the board of public improvements of the city of New York, in
the topographical bureau, entered upon the premises under the direction of
the president of the board of public improvements, to make measurements
and a survey, for the purpose of making a map of that part of the city of
New York.  The plaintiff ordered the defendant and his associates to immedi-
ately remove from the premises.  The defendant, having shown his badge
and authority, stated that he was in the employ of the topographical bureau,
declined to comply with the plaintiff's request, and continued his work.  For
this act the plaintiff claims a trespass was committed.

It is conceded that no actual damage was done to the premises by the de-
fendant, and nominal damages only are sought.  The defendant admits
entering upon the premises and doing the work, but alleges that it was in due
form, and under authority of law, as provided by the provisions of the Greater
New York charter.  Laws 1897, c. 378.  The plaintiff, however, insists that
proof of justification is not permissible, as the statute was not pleaded.  I
do not think that it was necessary to plead the provisions of the Greater
New York charter to establish justification, as the said charter is a public
statute (section 1620), and as such need not be pleaded.  McHarg v. Eastman,
7 Rob. (N. Y.) 137.  It is only a private statute, or a right derived therefrom,
that should be pleaded.  Code Civ. Proc. § 530.  The courts have gone so far
as to hold that where a statute is neither private nor local, it must be regard-
ed as public to that extent, and susceptible of judicial cognizance without
having been pleaded.  Bretz v. Mayor, 6 Rob. (N. Y.) 325.

The question then arises, did the defendant, he being a public officer, and
having authority by law to enter the premises of the plaintiff, abuse such
authority, so as to create a trespass?  The defendant, under the direction of
the president of the board of public improvements, was engaged in obtaining
a survey and establishing lines of lands in the immediate neighborhood of the
plaintiff's property, for the purpose of making and laying out the map, under
sections 432–434, 436, 444, of the Greater New York charter.  It does not ap-

71 N.Y.S.—69½

pear from the evidence that he abused the authority which gave him permission to enter the premises of the plaintiff, and I think it was incumbent upon the plaintiff to show that such authority was abused before he can charge the defendant with trespass. I do not think the act of the defendant is one that comes within the rule of taking property from the owner without just compensation. A survey and other preliminary steps are not such a taking. As is said in Dill. Mun. Corp. (4th Ed.) § 614: "Preliminary surveys may be authorized by the legislature without making compensation therefor, and they, when so authorized, are not trespasses." Bloodgood v. Railroad Co., 14 Wend. 51. In this case, although reversed in 18 Wend. 9 (also reported in 31 Am. Dec. 313), the chancellor said (page 17, 18 Wend., and page 319, 31 Am. Dec.): "I do not mean to be understood that the legislature may not authorize a mere entry upon the land of another for the purpose of examination or of making preliminary surveys, etc., which would otherwise be a technical trespass, but no real injury to the owner of the land, although no previous provision was made by law to compensate the individual for his property, if it should afterwards be taken for the public use." I do not think the case of Sahr v. Scholle, 89 Hun, 42, 35 N. Y. Supp. 97, cited by the plaintiff's attorney, comes within the rule. That was a case where personal property was actually taken by an agent of a corporation under a private statute. Under such circumstances, the taking of property must be justified, and the burden of proof is upon the party so taking to plead the statute and justify his act. The rule, however, is different under a public statute, as before stated. I am of the opinion that no trespass was committed by the defendant, and he is, therefore, entitled to judgment. Let judgment be entered accordingly.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Clarence Edwards, in pro. per.

John Whalen, Corp. Counsel (James T. Malone and Samuel K. Probaco, on the brief), for respondent.

PER CURIAM. Judgment of the municipal court affirmed, with costs, on the opinion of Justice RASQUIN.

(63 App. Div. 454.)

MALONEY v. IROQUOIS BREWING CO. et al.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. CONTRACT—INSTRUCTION—LIABILITY OF THIRD PARTY.
    A tripartite agreement was entered into for the sale of a saloon between the owner, the purchaser, and a brewing company, by which the brewing company agreed that, in consideration of the purchaser paying it an additional $2 per barrel for beer, it would "receive said money, and when the sum of $1,200 had been received, as provided," it would pay the seller the sum of $3,000, which was the purchase price of the saloon. Held, that the words "receive" and "received," as used in the contract, could not be construed as synonymous with "collect" or "collected," and that, the purchaser having made default in his payments before they had amounted to the sum of $1,200, the seller could not recover the entire amount of the purchase price from the brewing company.

2. SAME—CHATTEL MORTGAGE.
    Where a brewing company agreed to pay the seller of a saloon the amount of the purchase price on its receiving from the buyer an amount less than the purchase price in increased payments for beer purchased from the brewing company by the vendee, and took a chattel mortgage on the saloon property to secure the performance of the vendee's contract, the fact that the chattel mortgage contained the usual stipulation authorizing the brewing company to take possession of the mortgaged property in the event of a default by the purchaser did not impose on such brew-